JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTY INC., COTY GERMANY GMBH, ZINO DAVIDOFF SA, CALVIN KLEIN TRADEMARK TRUST, CALVIN KLEIN, INC., AND CALVIN KLEIN COSMETIC CORPORATION,<br><br>          Plaintiffs,<br><br>     v.<br><br>GENERAL PERFUME AND COSMETICS DISTRIBUTORS INC.,<br><br>          Defendant. | Case No. CV 12-2933 GAF (MRWx)<br><br>**SETTLEMENT AGREEMENT AND CONSENT JUDGMENT** |

Plaintiffs Coty Inc., Coty Germany GmbH, Zino Davidoff SA, Calvin Klein Trademark Trust, Calvin Klein, Inc., Calvin Klein Cosmetic Corporation and Defendant General Perfume and Cosmetics Distributors Inc. hereby enter the following Settlement Agreement and Consent Judgment:

WHEREAS, Plaintiffs commenced this Action by filing a Complaint against Defendant on April 3, 2012 (the "Complaint") charging Defendant with trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); unfair and deceptive trade practices under the laws of several states, including California, California's Business and Professions Code § 17200, *et seq.*; and unfair competition under common law;

WHEREAS, Plaintiffs allege that removing, altering, defacing or overstickering certain codes on their products, or selling, distributing and/or offering for sale products from which such codes have been removed, altered, defaced or overstickered, constitutes a violation of the Lanham Act as well as state and common law;

1

WHEREAS, Defendant maintains that removing, altering, defacing or overstickering certain codes on Plaintiffs' products, or selling, distributing and/or offering for sale products from which such codes have been removed, does not constitute a violation of federal and/or state law and that Defendant has asserted numerous affirmative and separate defenses;

WHEREAS, the United States District Court for the Central District of California has subject matter jurisdiction over this Action and personal jurisdiction over Defendant for the purposes of this Action;

WHEREAS, to avoid the inconvenience and expense of further litigation, and without admission by any party as to that party's liability or wrongdoing, Plaintiffs and Defendant wish to resolve this matter, and to that end have agreed to enter this Settlement Agreement and Consent Judgment to dispose of all the claims set forth in the above-captioned Action on terms set forth below:

1.      DEFINITIONS.  The following terms shall be defined:

1.1.    The "Action" shall mean the above-captioned action.

1.2     The "Agreement" shall mean this Settlement Agreement and Consent Judgment.

1.3     "Coty" shall mean Plaintiffs Coty Inc. and Coty Germany GmbH, their predecessors, successors, parent companies, affiliates, subsidiaries, assigns, and all entities owned or controlled by them.

1.4     "Zino Davidoff" shall mean Plaintiff Zino Davidoff SA, its predecessors, successors, parent company, affiliates, subsidiaries, assigns, and all entities owned or controlled by it.

1.5     "Calvin Klein" shall mean Plaintiffs Calvin Klein Trademark Trust, Calvin Klein, Inc., and Calvin Klein Cosmetic Corporation, their predecessors, successors, parent companies, affiliates, subsidiaries, assigns, and all entities owned or controlled by them.

1.6     "General Perfume" shall mean Defendant General Perfume and Cosmetics Distributors Inc., its predecessors, successors, parent company, affiliates, subsidiaries, assigns, and all entities owned or controlled by it.

1.7     "Plaintiffs" shall mean Coty, Zino Davidoff, and Calvin Klein.

1.8     "Defendant" shall mean General Perfume.

1.9     "Parties" shall mean Plaintiffs and Defendant.

1.10    "DAVIDOFF Fragrances" shall mean the full line of fragrance products in which Zino Davidoff owns trademark and trade dress rights, including without limitation DAVIDOFF COOL WATER, DAVIDOFF SILVER SHADOW, DAVIDOFF SILVER SHADOW ALTITUDE, DAVIDOFF SILVER SHADOW PRIVATE, DAVIDOFF HOT WATER, DAVIDOFF COOL WATER SENSUAL ESSENCE, DAVIDOFF CHAMPION, DAVIDOFF CHAMPION ENERGY, DAVIDOFF ADVENTURE, and any new DAVIDOFF fragrance product released in the future identified in a notice provided to Defendant pursuant to Paragraph 9.12 herein.

1.11    "DAVIDOFF Marks" shall mean all U.S. trademark rights in the federally registered fragrance trademarks referenced in Paragraph 20 of the Complaint, and all other trade dress and common law trademark rights owned by Zino Davidoff and associated with either (i) the DAVIDOFF Fragrances identified in Attachment A to this Agreement, or (ii) any new DAVIDOFF fragrance product released in the future identified in a notice provided to Defendant pursuant to Paragraph 9.12 herein.

1.12    "CK Fragrances" shall mean the full line of fragrance products in which Calvin Klein owns trademark and trade dress rights, including without limitation EUPHORIA, FORBIDDEN EUPHORIA, INTENSE EUPHORIA, CK ONE, CK ONE SHOCK, ETERNITY, ETERNITY AQUA, CALVIN KLEIN BEAUTY, OBSESSION, ENCOUNTER, CKFREE, CK BE, and any new CK fragrance product released in the future identified in a notice provided to Defendant pursuant to Paragraph 9.12 herein.

1.13    "CK Marks" shall mean all U.S. trademark rights in the federally registered fragrance trademarks referenced in Paragraphs 24-26 of the Complaint, and all other trade dress and common law trademark rights owned by Calvin Klein and associated with either (i) the CK Fragrances identified in Attachment A to this Agreement, or (ii) any new CK fragrance product released in the future identified in a notice provided to Defendant pursuant to Paragraph 9.12 herein.

1.14    "JOOP! Fragrances" shall mean the full line of JOOP! fragrance products in which Coty owns trademark and trade dress rights, including without limitation JOOP!, JOOP! GO, JOOP! HOMME, JOOP! JUMP, and any new JOOP! fragrance product released in the future identified in a notice provided to Defendant pursuant to Paragraph 9.12 herein.

1.15    "JOOP! Marks" shall mean all U.S. trademark rights in the federally registered fragrance trademarks referenced in Paragraph 33 of the Complaint, and all other trade dress and common law trademark rights owned by Coty and associated with either (i) the JOOP! Fragrances identified in Attachment A to this Agreement, or (ii) any new JOOP! fragrance product released in the future identified in a notice provided to Defendant pursuant to Paragraph 9.12 herein.

1.16    "Coty Fragrances" shall mean the full line of fragrance products listed on Attachment A hereto (including all sub-lines) for which Coty and/or its licensors own trademark and trade dress rights, including without limitation the DAVIDOFF Fragrances, the CK Fragrances, the JOOP! Fragrances, and any and all fragrance products in the Coty fragrance line, now or in the future, identified in a subsequent notice provided to Defendant pursuant to Paragraph 9.12 herein.

1.17    "Coty Fragrance Marks" shall mean all rights in and to the marks and trade dress appearing on or embodied in Coty Fragrances and their packaging, including without limitation the DAVIDOFF Marks, the CK Marks, the JOOP! Marks, the marks listed on Attachment A, and all marks identified in any notice(s) provided to Defendant pursuant to Paragraph 9.12 herein.

1.18    "Decoded" Coty Fragrances shall mean any Coty Fragrances from which a code has been altered, defaced, overstickered or otherwise removed by any means.  Decoded Coty Fragrances shall not include any product for which a code is shown to have been (i) inadvertently damaged during transit in isolated instances; or (ii) unintentionally obscured due to the non-systematic placement of a price tag by a third-party retailer through no fault of Defendant.

1.19    "Counterfeit" fragrances, for purposes of this Agreement, shall mean any fragrances that bear a spurious mark which is identical with or substantially indistinguishable from any of the Coty Marks and that were not originally produced under the authority of Coty. Counterfeit versions of Coty Fragrances may bear a non-unique, bogus product code or no product code at all.

1.20    "Tester" fragrances shall mean any Coty Fragrances that are distributed by Coty to authorized retailers of Coty Fragrances for demonstration purposes.  Tester Coty Fragrances typically lack a cap on the bottle, lack a unique production code, and are distributed by Coty in

plain packaging labeled "tester" and/or "demonstration," and/or prominently bearing the words "not for sale."

1.21    "Prohibited Product" shall mean any Decoded, Counterfeit and/or Tester Coty Fragrances.

1.22    The "Lanham Act" shall mean the U.S. Trademark Act of 1945, as amended.

1.23    "Consent Judgment" shall mean this Settlement Agreement and Consent Judgment.

2.    <u>STIPULATED FACTS</u>.  The Parties agree and stipulate as to the facts set forth in the WHEREAS clauses of this Agreement and to the following facts:

2.1    Coty Inc. is a corporation organized and existing under the laws of New York, with a principal place of business at Two Park Avenue, Seventeenth Floor, New York, New York 10016.

2.2    Coty Germany GmbH is a corporation organized and existing under the laws of Germany, with a principal place of business at Fort Malakoff Park, Rheinstrasse 4E, Mainz, Germany 55116.  Coty Germany GmbH is the wholly-owned subsidiary of Coty Inc.

2.3    Zino Davidoff SA is a joint stock company organized and existing under the laws of Switzerland with a principal place of business at Rue Faucigny 5, 1700 Fribourg, Switzerland.

2.4    Calvin Klein Trademark Trust is a Delaware business trust organized and existing under the laws of Delaware with an address, c/o Calvin Klein, Inc., at 205 West 39th Street, New York, New York 10018.  Calvin Klein Trademark Trust's trustee, Wilmington Trust Company, has a business address at Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890.

2.5     Calvin Klein, Inc. is a corporation organized and existing under the laws of New York with a principal place of business at 205 West 39th Street, New York, New York 10018.

2.6     Calvin Klein Cosmetic Corporation is a corporation organized and existing under the laws of Delaware with a principal place of business at Two Park Avenue, 17th Floor, New York, New York 10016.

2.7     General Perfume is a corporation organized and existing under the laws of California with places of business located at 1504 South Flower Street, Los Angeles, California 90015 and 1162 South Main Street, Los Angeles, California 90015.

2.8     Plaintiffs own common law trademark rights and numerous United States registrations for the DAVIDOFF, CK, and JOOP! Marks in connection with fragrance products.

2.9     Plaintiffs represent and warrant that Coty owns or is the exclusive licensee for the Coty Fragrance Marks in connection with fragrance products.

3.      <u>DEFENDANT'S REPRESENTATIONS AND WARRANTIES</u>

3.1     Defendant represents and warrants that the information it is providing under Paragraph 4.3(a)-(e) of this Agreement is true, accurate, and complete.

3.2     Defendant represents and warrants that at no time has it ever knowingly imported, exported, manufactured, produced, distributed, circulated, sold, offered for sale, advertised, promoted or displayed any Counterfeit Coty Fragrances.

3.3     Defendant represents and warrants that it has previously decoded Coty Fragrances and has purchased, sold, offered for sale and distributed Decoded Coty Fragrances.

3.4     Except as stated in the sworn declaration dated January 10, 2014 provided by Aaron Cohen pursuant to Paragraph 4.3 of this Agreement, Defendant represents and warrants that it did not have any understandings or agreements of any kind—including without limitation

any formal, informal, written or oral agreements or understandings—with any persons or entities of any kind regarding decoding or other alteration to Coty Fragrances, nor did it receive from or provide to any persons or entities any instructions, orders, or directions to decode or otherwise alter Coty Fragrances.

3.5    Except as stated in the sworn declaration dated January 10, 2014 provided by Aaron Cohen pursuant to Paragraph 4.3 of this Agreement, Defendant represents and warrants that it has no knowledge of any other decoding facilities, manufacturers, distributors and/or suppliers of Decoded Coty Fragrances other than those which have been disclosed pursuant to Paragraph 4.3 of this Agreement.

3.6    With respect to the Coty Fragrances that Defendant decoded itself, Defendant represents and warrants that it did so at its own facility.

3.7    Defendant represents and warrants that it has no records of any kind that would disclose whether any of the Coty Fragrances it purchased or sold were coded or decoded.

3.8    Defendant represents and warrants that Defendant itself removed the codes from Coty Fragrances that it obtained solely from one specific supplier, identified in the declaration provided pursuant to Paragraph 4.3(e) of this Agreement.

3.9    In addition, Defendant represents and warrants that it purchased Decoded Coty Fragrances from two known suppliers, both of which are specifically identified in the declaration provided pursuant to Paragraph 4.3(e) of this Agreement.

3.10    Defendant represents and warrants that it has no knowledge or information as to the specific amounts or quantities of Decoded Coty Fragrances it purchased.

3.11    In the event any of the above representations and warranties is shown by Plaintiffs, through competent evidence presented to a court of law, to be materially false,

incomplete or inaccurate, Plaintiffs shall be awarded all of their costs, expenses and attorneys' fees incurred in investigating such deficiencies, as well as all other remedies available in equity or at law.

    4.    <u>INJUNCTIVE RELIEF</u>.

    4.1    Defendant and its officers, agents, servants, representatives, employees, successors, affiliates, assigns, and all entities owned or controlled by Defendant, and all those persons in active concert or participation with all or any of them who receive notice of this Agreement, are hereby permanently enjoined and restrained from:

    a)  imitating, copying, or making unauthorized use of the Coty Fragrance Marks in any manner not authorized by law;

    b)  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, displaying, transferring, shipping, or consigning any Prohibited Products or any products bearing any unauthorized simulation, reproduction, counterfeit, copy or colorable imitation of the Coty Fragrance Marks;

    c)  using any unauthorized simulation, reproduction, counterfeit, copy or colorable imitation of the Coty Fragrance Marks in connection with the sale, offering for sale, distribution, or advertising of any product on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

    d)  using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any Prohibited Product manufactured, distributed or sold by Defendant is in any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

e)   engaging in any other activity constituting unfair competition with Plaintiffs, or constituting infringement of the Coty Fragrance Marks pursuant to State or Federal law;

f)   taking any action, including through the use of the Coty Fragrance Marks or any unauthorized simulation, reproduction, counterfeit, copy or colorable imitation thereof, that causes dilution of the distinctive quality of the Coty Fragrance Marks, or that tarnishes or disparages the Coty Fragrance Marks under state or federal law;

g)   removing, altering, obscuring, overstickering or otherwise defacing the codes on any Coty Fragrance or importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any Decoded Coty Fragrances;

h)   importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, displaying, transferring, consigning, shipping or otherwise moving any goods, packaging or other materials in Defendant's possession, custody or control bearing any unauthorized simulation, reproduction, counterfeit, copy or colorable imitation of the Coty Fragrance Marks;

i)   disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any Prohibited Product or any merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Coty Fragrance Marks, provided, however, that Defendant may purge documents previously provided

to Coty pursuant to Section 4.3 in accordance with Defendant's seven-year document retention policy; and

       j)   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

     4.2   Nothing within this Agreement shall be construed to prohibit Defendant from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying genuine, unaltered Coty Fragrance product in its original packaging and bearing its original coding.  Plaintiffs shall provide Defendant information, including certain known counterfeit codes, in order to assist it in detecting Counterfeit or Decoded Coty Fragrances.

     4.3   Defendant represents and warrants that it has furnished to Plaintiffs' counsel Lisa Pearson, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York, New York 10036:

       a)   a true, accurate and complete accounting of the number of Coty Fragrances that Defendant sold at any time from April 3, 2008 to date and that may have been decoded, including a description of each fragrance, the supplier, the date of purchase, the purchase price (per unit and total), the customer, the date of sale, the sale price (per unit and total), the amount, if any, it has remaining in its inventory, and a profit and loss statement for its most recent fiscal year;

       b)   a true, accurate and complete list of the persons or entities from whom Defendant acquired any Decoded Coty Fragrances sold by Defendant at any time since April 3, 2008 and all available contact information therefor; a separate true, accurate and complete list of

the persons from whom it acquired any coded Coty Fragrances that were later decoded, and all available contact information therefor;

c)   true, accurate and complete copies of all written or electronic communications, including but not limited to agreements (formal or informal), correspondence, bills of sale, invoices, orders, correspondence or receipts, between Defendant and any of the persons or entities identified pursuant to Paragraph 4.3(b) above, and a sworn declaration pursuant to Paragraph 4.3(e) of this Agreement describing any and all oral communications concerning Decoded Coty Fragrances or the decoding of fragrances generally;

d)   a true, accurate and complete list of all Coty Fragrances that Defendant has decoded itself, as well as the approximate number of such Decoded Coty Fragrances, the manner in which such fragrances were decoded (e.g. the tools and/or instrumentalities used), the reason each such fragrances was decoded (e.g. at Defendant's own initiative or upon express or implied instructions from any person or entity, with such person to entity to be identified and all contact information provided), the time period over which such fragrances were decoded;

e)   Defendant agrees to provide Plaintiffs with a sworn declaration explaining or clarifying the information provided pursuant to this Paragraph and to Paragraphs 3.8 and 3.9 of this Agreement; and

f)   Defendant further agrees that its principal Aaron Cohen will provide further explanation and clarification of the information provided pursuant to this Agreement by sitting for a deposition in New York City at a mutually agreeable time and place, but in any event on or before January 10, 2014.  The deponent will be competent to testify as to the information provided by Defendant pursuant to this Agreement and to Defendant's knowledge of the following topics:

- Defendant's purchase and sale of Coty Fragrances, including coded or decoded Coty Fragrances supplied to Defendant by any source;
- The scope and extent of Defendant's own decoding of Coty Fragrances, including the manner in which it selected which brands to decode, the approximate number of fragrances it decoded, and the procedure(s) it used to decode fragrances

The Parties agree that the deposition contemplated by this paragraph is a material and essential element of this Agreement.  Should this deposition fail to take place for any reason, or should the deponent be incompetent to testify as to the topics identified in this paragraph or to any of the information Defendant provided pursuant to this Agreement, this entire Agreement shall be null and void.

4.4     Plaintiffs agree that, unless and until they deliver to Defendant a fully-executed version of this Agreement signed by all parties pursuant to Paragraph 5.4, they will not share or otherwise disclose the information provided under Paragraph 4.3 to anyone other than Plaintiff's outside counsel and Coty's in-house counsel Guido Baumgartner.

4.5     Plaintiffs agree that, after delivering to Defendant a fully-executed version of this Agreement signed by all parties pursuant to Paragraph 5.4 and except as provided in the Stipulated Protective Order dated November 5, 2013 and as further set forth below, they will not identify/disclose to any third party that Defendant is the source of information provided under this Agreement or publicly disclose sales and purchase figures provided pursuant to this Agreement. Plaintiffs understand and agree that any breach or threatened breach of this Paragraph could cause irreparable harm for which monetary damages would be inadequate and Defendant may seek to obtain an injunction to prevent disclosure of its identity in this regard.  If Defendant prevails in any action to enforce this paragraph, Defendant shall be awarded all of its costs, expenses and attorneys' fees incurred in investigating any threatened breach or in

obtaining any judicial remedies in addition to any other remedies available in equity or at law. Notwithstanding the foregoing, the source of such information may be disclosed:

a) to Plaintiffs' respective outside and in-house attorneys, accountants, auditors and/or investigators, with the understanding that they are to keep the source of such information confidential;

b) in a legal action or proceeding to enforce the terms of the Agreement;

c) in a legal action or proceeding against any direct or indirect supplier or customer of Defendant, to the extent disclosure of the source of such information is relevant therein, pursuant to a Protective Order and after providing notice to Defendant so that it may seek modification of the Protective Order if it objects to the terms thereof; and

d) pursuant to court order or as otherwise required by law.

4.6     Defendant agrees that any products turned over to Plaintiffs' counsel may be destroyed at Defendant's expense and/or disposed of at Plaintiffs' judgment and in such manner as Plaintiffs deem appropriate. Defendant hereby waives any and all right, title and/or interest to such products and forever releases Plaintiffs from any and all claims arising out of their disposition.

4.7     Defendant shall deliver to Plaintiffs' counsel for destruction at Defendant's cost all signs, products, packaging, promotional material, advertising material, catalogs, business cards, stationery, and any other item that bears, contains or incorporates any unauthorized simulation, reproduction, counterfeit, copy or colorable imitation of any Coty Fragrance Marks, including depictions of Coty Fragrances.

4.8     Upon receipt of any subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant shall cooperate in good faith with Plaintiffs in pursuing the source(s)

14

of any Prohibited Product by supplying necessary, reasonable, and relevant documents, information and/or testimony.

4.9    Defendant shall notify Plaintiffs' counsel on an ongoing basis of any Coty Fragrances products it may be offered or receive that lack production codes on the packaging or bottle, that bear the same production code on multiple products, or that Defendant otherwise has reason to believe are Prohibited Product.  Such notification shall be made within fifteen (15) business days of Defendant learning that it has been offered or has received such product. Plaintiffs will keep confidential the source of any information provided under this provision, pursuant to Paragraph 4.5.  No liability shall attach to Defendant in connection with its timely identification of any Prohibited Product pursuant to this provision, provided Defendant is otherwise in compliance with the terms of this Agreement.

5.    EXECUTION, DELIVERY AND SETTLEMENT PAYMENT.

5.1    The Parties agree that prompt execution and delivery is a material and essential element of this Agreement.  Should the Parties, for any reason, fail to exchange fully executed versions of this Agreement consistent with its terms on or before January 10, 2014, this entire Agreement shall be null and void.

5.2    Plaintiffs acknowledge receipt of Defendant's full and agreed upon settlement payment in the sum of U.S. $410,000.00 (four hundred ten thousand U.S. dollars) (the "Settlement Payment"), which has been remitted by wire transer to the designated trust fund of Plaintiffs' attorneys Kilpatrick Townsend & Stockton LLP.  Plaintiffs' counsel shall hold the Settlement Payment in escrow until the entry of this Consent Judgment by the Court at which time Plaintiffs' counsel shall release the payment to Plaintiffs.  In the event that the Parties are unable or are unwilling to deliver mutually executed copies of this Settlement Agreement and

Consent Judgment, Plaintiffs shall, following written demand, promptly return the Settlement

Payment to Trust Account of Defendant's counsel.

     5.3    The Parties agree that any monies paid under Paragraph 5.1 shall be deemed to

reflect compensation solely for Defendant's profits under Lanham Act § 35(a) (15 U.S.C. §

1117(a)), and that Plaintiffs accept such payment in full and final settlement of all federal, state

and common law claims asserted in the action based upon Defendant's representations and

warranties in this Agreement with each party bearing its own costs and fees.

     5.4    No later than January 10, 2014, Defendant shall provide Plaintiffs' counsel with a

copy of this Agreement signed by Defendants.  Upon confirmation by Plaintiffs' counsel that all

of the information required under Paragraph 4.3 has been produced by Defendant, Plaintiffs shall

provide Defendants with a fully-executed version of this Agreement signed by all parties and file

the Agreement with the Court for entry as a Consent Judgment with the full force and effect of a

Final Judgment and Permanent Injunction.

     5.5    Defendant expressly acknowledges and agrees that its full compliance with

Paragraph 4.3 and the Court's entry of the Agreement as a Consent Judgment are conditions

precedent to the effectiveness of this Agreement.  Should either of these conditions remain

unmet, for any reason, the entire Agreement shall be null and void.

     6.    <u>NO PUBLIC STATEMENT</u>.  No public statement about this Agreement or its

terms shall be made by the Parties or their representatives.  In the event that any party to this

Agreement is asked by a third party about the Action, that party shall state, in sum and substance,

that the matter has been resolved pursuant to the terms of the publicly filed Settlement

Agreement and Consent Judgment.  Further, the Parties agree not to disparage one another.

7.      RELEASES.

7.1      Conditioned upon the accuracy of Defendant's representations and warranties in this Agreement and upon the fulfillment by Defendant of the obligations and undertakings set forth herein, Plaintiffs shall be deemed to have released Defendant from any and all claims asserted in the Action.  Such release shall be deemed null and void if Defendant materially breaches any of the obligations hereunder or if any of Defendant's representations and warranties hereunder should prove to be false.

7.2      Conditioned upon the accuracy of Plaintiffs' representations warranties in this Agreement and upon the fulfillment by Plaintiffs of the obligations and undertakings set forth herein, Defendant shall be deemed to have released Plaintiffs from any and all counterclaims that could have been asserted in the Action.  Such release shall be deemed null and void if Plaintiffs materially breach any of the obligations hereunder or if any of Plaintiffs' representations and warranties hereunder should prove to be false.

7.3      These releases shall apply only to purchases and sales disclosed pursuant to Paragraph 4.3(a) herein, and shall not apply to any future claims or claims arising from facts not known to the Parties at the time of full execution of this Agreement.

8.      REMEDIES FOR BREACH.

8.1      The jurisdiction of this Court is retained for the purpose of construing and enforcing the terms of this Agreement and remedying violations thereof.

8.2      For purposes of seeking judicial intervention to enforce the terms of this Agreement and to punish violations thereof, Defendant acknowledges that any material breach of this Agreement will result in irreparable injury to Plaintiffs entitling Plaintiffs to the entry of temporary, preliminary and permanent injunctive relief.

8.3     Plaintiffs shall have the right to revive the Action or to pursue other legal action against Defendant concerning the subject matter of the Action if Defendant breaches any of the obligations hereunder, or if any of Defendant's representations and warranties hereunder prove false.

8.4     In the event that any of the Parties brings a proceeding to enforce the terms of this Agreement, the prevailing party shall be awarded its reasonable attorneys' fees, in-house fees, costs and expert witness fees.

9.      MISCELLANEOUS.

9.1     This Agreement, and all obligations contained herein, are worldwide in scope and effect.  The Parties waive all claims that any provision of this Agreement or any portion thereof is unenforceable or invalid in any jurisdiction in the world.

9.2     Each of the Parties represents and warrants that it has the authority to execute this Agreement.  Each of the Parties represents and warrants that to its knowledge the representations given by it in this Agreement given are true and accurate.

9.3     Neither this Agreement nor any provisions hereof may be waived, modified or discharged except by an instrument in writing signed by the party or a duly authorized officer of the party against which enforcement, modification or discharge is sought.

9.4     This Agreement shall be binding on and inure to the benefit of the Parties hereto, their officers, representatives, members, managers, directors, agents, heirs, executives, beneficiaries, employees, successors, assigns, subsidiaries, affiliates, parents and licensees.

9.5     This Agreement shall be construed under and governed in all respects, including interpretation, by the substantive laws of the State of California without reference to California choice of law rules.

9.6     The headings which have been used to designate the various sections of this Agreement are solely for convenience and ease of reference and shall not be used to interpret this Agreement.

9.7     Each of the Parties has carefully reviewed this Agreement, understands its terms, and has relied wholly on its own judgment and knowledge and has not been influenced to any extent whatsoever in making this Agreement by any representations or statements made by any other party or anyone acting on behalf of any other party.  Any rules of construction construing an agreement against the drafting party shall not apply to the construction of this Agreement.

9.8     Defendant acknowledges that it has had the opportunity to consult with an attorney and that, by signing this Agreement, Defendant understands the Agreement's terms, the obligations hereunder, and the consequences of any breach thereof.

9.9     Except as otherwise provided herein, the Parties shall execute, acknowledge and deliver or cause to be executed, acknowledged or delivered, in a timely manner, all such further instruments or documents as may be reasonably necessary or reasonably desirable to effectuate the terms and provisions of this Agreement.

9.10     This Agreement may be signed in separate counterparts, all of which taken together shall constitute the agreement of the Parties hereto, and legible facsimile signatures shall have the same effect as an original signature.

9.11     The use of the singular shall include the plural, and the use of the plural shall include the singular, for purposes of this Agreement.

9.12     All notices or documents required or permitted to be given or delivered under this Agreement shall be transmitted simultaneously by facsimile and first-class mail (or to such other addresses as may from time to time be designated in writing) as follows:

19

**If to Plaintiffs, or any of them:**
Coty Inc.
Attn:  General Counsel
Two Park Avenue, 17th Floor
New York, New York 10016

**If to Defendant:**
General Perfume and Cosmetics
Distributors Inc.
Attn:  President
1504 South Flower Street
Los Angeles, California 90015

**with a copy to:**
Lisa Pearson, Esq.
Kilpatrick Townsend & Stockton LLP
1114 Avenue of the Americas
New York, New York 10036
fax: (212) 775-8825

**with a copy to:**
Gilbert Lee Sandler, Esq.
Sandler, Travis & Rosenberg, P.A.
1000 NW 57 Ct.
Miami, FL 33126
Fax: 305-267-5155

Any notices received by Defendant regarding amendments or additions to <u>Attachment A</u> shall apply from the date of Defendant's receipt of the notice.

10.     <u>ENTRY OF JUDGMENT</u>.     Plaintiffs and Defendant hereby jointly move the Court for a final and non-appealable Order entering this Agreement as a Consent Judgment with the full force and effect of a Final Judgment and Permanent Injunction.

*[ALL SIGNATURES APPEAR ON THE FOLLOWING PAGE(S)]*

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be signed by its duly authorized representative.

COTY INC.

By: _____

Name: JOSEPH J. CONKLIN

Title: VICE PRESIDENT

Date: 10 DECEMBER 2013

COTY GERMANY GMBH

By: _____

Name: JOSEPH J. CONKLIN

Title: Procurist

Date: 10 DECEMBER 2013

CALVIN KLEIN TRADEMARK TRUST

By: _____

Name: _____

Title: _____

Date: _____

CALVIN KLEIN COSMETIC CORPORATION

By: JOSEPH J. CONKLIN

Name: _____

Title: Vice President

Date: 10 December 2013

GENERAL PERFUME COSMETICS AND DISTRIBUTORS INC.

By: _____

Name: AARON GGHON

Title: VICE-PRES

Date: JAN-10-2014

COTY GERMANY GMBH

By: _____

Name: GUIDO BAUMGARTNER

Title: Procurist

Date: 12. December 2013

CALVIN KLEIN, INC.

By: _____

Name: _____

Name: _____

Date: _____

ZINO DAVIDOFF SA

By: _____

Name: _____

Name: _____

Date: _____

21

**IN WITNESS WHEREOF**, each of the Parties has caused this Agreement to be signed by its duly authorized representative.

**COTY INC.**

By: _____

Name: _____

Title: _____

Date: _____

**COTY GERMANY GMBH**

By: _____

Name: _____

Title: _____

Date: _____

**CALVIN KLEIN TRADEMARK TRUST**

By: _____

Name: DEIRDRE MILES-GRAETER
~~CALVIN KLEIN TRADEMARK TRUST~~

Title: ~~VP LICENSING & BUSINESS AFFAIRS OF~~
~~CALVIN KLEIN, INC.~~
~~FOR AND UNDER POWER OF ATTORNEY~~

Date: 1/10/14

**CALVIN KLEIN COSMETIC CORPORATION**

By: _____

Name: _____

Title: _____

Date: _____

**GENERAL PERFUME COSMETICS AND DISTRIBUTORS INC.**

By: _____

Name: _____

Title: _____

Date: _____

**COTY GERMANY GMBH**

By: _____

Name: _____

Title: _____

Date: _____

**CALVIN KLEIN, INC.**

By: _____

Name: Deirdre Miles-Graeter
VP Licensing & Business Affairs

Name: _____

Date: 1/10/14

**ZINO DAVIDOFF SA**

By: _____

Name: _____

Name: _____

Date: _____

21

**IN WITNESS WHEREOF,** each of the Parties has caused this Agreement to be signed

by its duly authorized representative.

**COTY INC.**

By: _____

Name: _____

Title: _____

Date: _____

**COTY GERMANY GMBH**

By: _____

Name: _____

Title: _____

Date: _____

**CALVIN KLEIN TRADEMARK TRUST**

By: _____

Name: _____

Title: _____

Date: _____

**CALVIN KLEIN COSMETIC CORPORATION**

By: _____

Name: _____

Title: _____

Date: _____

**GENERAL PERFUME COSMETICS AND DISTRIBUTORS INC.**

By: _____

Name: _____

Title: _____

Date: _____

**COTY GERMANY GMBH**

By: _____

Name: _____

Title: _____

Date: _____

**CALVIN KLEIN, INC.**

By: _____

Name: _____

Name: _____

Date: _____

**ZINO DAVIDOFF SA**

By: _~signature~_ _~signature~_

Name: ~CHRISTIAN SCHAFFNER~

Name: ~SASKIA ESCHMANN~

Date: December 12, 2013

21

AGREED AND CONSENTED TO, AS TO FORM AND CONTENT:

KILPATRICK TOWNSEND                    SANDLER, TRAVIS
& STOCKTON LLP                         & ROSENBERG, P.A.

By: _____           By: _____
   Lisa Pearson (admitted *pro hac vice*)     Gilbert Lee Sandler (admitted *pro hac vice*)
   Robert N. Potter (admitted *pro hac vice*)  Michelle Mejia (admitted *pro hac vice*)

1114 Avenue of the Americas            1000 NW 57th Court
New York, New York 10036               Miami, Florida 33126
Tel: (212) 775-8700                    Tel: (305) 549-0137
Fax: (212) 775-8800                    Fax: (305) 267-5155

   Mehrnaz Boroumand Smith (State Bar No. 197271)

Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300

*Counsel for Plaintiffs*                *Counsel for Defendant*


SO ORDERED:


DATED:   January 15, 2014

JS-6

                          The Honorable Gary Allen Feess
                          United States District Court Judge

22

*Coty Inc. et al. v. General Perfume and Cosmetics Dists., Inc.*
CV 12-2933 GAF (MRWx), C.D. Cal.

## ATTACHMENT A TO CONSENT JUDGMENT

| | | |
|---|---|---|
| Balenciaga | Guess | Nautica |
| Beckham | Halle Berry | Pierre Cardin |
| Beyonce | Heidi Klum | Playboy |
| Bottega Veneta | Jennifer Lopez | Roberto Cavalli |
| Calvin Klein | Jil Sander | Sarah Jessica Parker |
| Celine Dion | Joop! | Stetson |
| Cerruti | Jovan | Tim McGrew |
| Chloe | Kate Moss | T.Lamborghini |
| Chopard | Katy Perry | Vera Wang |
| Coty | Kylie Minogue | Vivienne Westwood |
| Davidoff | Lady Gaga | |
| Elite Models | Madonna | |
| Esprit | Marc Jacobs | |
| Faith Hill | Nikos | |